UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-cr-00080-JMS-DML |
| | ) | |
| DARRELL FUQUA, | ) | -04 |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE AND/OR REDUCTION IN SENTENCE

Pending before the Court is Darrell Fuqua's Motion for Compassionate Release and/or Reduction in Sentence. Dkt. 404. Mr. Fuqua seeks immediate release from incarceration. *Id.* at 12 (requesting reduction of sentence to time served). Because Mr. Fuqua has not shown extraordinary and compelling reasons for a sentence reduction, his motion is **DENIED.**

### I. Background

In 2017, Mr. Fuqua pleaded guilty to conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 1 kilogram or more of heroin. Dkts. 298, 299. In keeping with the recommendation made in his plea agreement, *see* dkt. 124 at 4, the Court sentenced him to 240 months' imprisonment and 10 years of supervised release, dkt. 299. Earlier in the case, the United States had filed an amended information pursuant to 21 U.S.C. § 851 showing that Mr. Fuqua had one prior "felony drug offense." *See* dkt. 147. Under 21 U.S.C. § 841(b)(1)(A) as it existed at the time, the prior felony drug offense exposed Mr. Fuqua to a mandatory term of 20 years in prison.[1]

---

[1] *See* 21 U.S.C. § 841(b)(1)(A)(i) and (ii) (eff. Aug. 3, 2020 to Dec. 20, 2018) ("In the case of a violation . . . involving . . . 1 kilogram or more of a mixture or substance containing a detectable amount of

Mr. Fuqua is currently 45 years old and is incarcerated at Federal Correctional Institution Elkton in Lisbon, Ohio ("FCI Elkton"). According to the Bureau of Prisons ("BOP") website, Mr. Fuqua's release date is April 7, 2032.

On August 18, 2020, Mr. Fuqua filed a pro se Motion for Compassionate Release and/or Reduction in Sentence. Dkt. 404. In the motion, Mr. Fuqua asks the Court to reduce his sentence to time served, thereby allowing for his immediate release. *Id.* at 12. That motion is currently pending before the Court.[2]

## II. Discussion

Mr. Fuqua seeks a sentence reduction based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 404. Specifically, he contends that, due to an intervening change in law, his sentence would be much shorter if he were sentenced today. *Id.* at 2. He also argues that he has an exemplary prison record and has successfully completed 30 continuing education programs while incarcerated. *Id.* at 13. Finally, he contends that FCI Elkton has suffered an outbreak of COVID-19 and that the warden has mishandled the outbreak. *Id.* at 15–18.

> 18 U.S.C. § 3582(c) provides in relevant part:
>
> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,[3] whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without

---

heroin [or] 5 kilograms or more of a mixture or substance containing a detectable amount of . . . cocaine, . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years . . . . If any person commits a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . .").

[2] The Court concludes that it does not require a response brief from the United States to decide the issues presented by Mr. Fuqua's motion.

[3] In his motion, Mr. Fuqua states that he made an administrative request for a sentence reduction to his warden on June 11, 2020. Dkt. 404 at 5. Thus, the Court may proceed to the merits of his motion.

conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c), contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes. While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release,[4] courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings. First, the Court must address whether

---

[4]Until December 21, 2018, only the BOP could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies. *See* 132 Stat. 5194, 5239 (2018) (First Step Act § 603(b)).

"[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether Mr. Fuqua is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D).[5]

---

[5]The policy statement provides that "[a] reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons." U.S.S.G. Manual §1B1.13, Application Note 4. Likewise, the catchall provision provides, "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D). This policy statement has not been amended since the passage of the First Step Act. Insofar as it states that only the Director of the BOP can bring a motion under § 3582(c)(1)(A), it is directly contradicted by the amended statutory text. This discrepancy has led some courts to conclude that the Commission does not have a policy position applicable to motions under § 3582(c)(1)(A)(i) and that they have discretion to determine what constitutes an "extraordinary and compelling reason" on a case-by-case basis, looking to the policy statement as helpful, but not dispositive. *See, e.g.*, *United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (collecting cases); *see also United States v. Haynes*, No. 93 CF 1043 (RJD), 2020 WL 1941478, at *14 (E.D.N.Y. Apr. 22, 2020) (collecting cases). Other courts have held that they must follow the policy statement as it stands and, thus, that the Director of the BOP is the ultimate arbiter of what counts as "extraordinary and compelling" under the catchall provision. *See, e.g.*, *United States v. Lynn*, No. 89-

Mr. Fuqua does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. *See generally* dkt. 404. Thus, the question is whether the catchall provision for extraordinary and compelling reasons applies in this case. The Court concludes that it does not.

First, the possibility that Mr. Fuqua would receive a shorter sentence if he were sentenced today is not an extraordinary and compelling reason warranting a sentence reduction. In passing the First Step Act in December 2018, Congress amended 21 U.S.C. § 841(b)(1)(A). As amended, an offense involving 1 kilogram or more of heroin or 5 kilograms or more of cocaine now carries a minimum sentence of only 15 years if preceded by one prior serious drug felony. *See* 21 U.S.C. § 841(b)(1)(A)(i) and (ii) (eff. Dec. 21, 2018). But, as Mr. Fuqua recognizes, Congress explicitly declined to make that amendment retroactive. *See* 132 Stat. at 5221 ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."). Thus, it is questionable whether the change to § 841(b)(1)(A) is an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Fulcher*, No. 1:98-cr-00119-SEB-TAB, 2020 WL 4547970, at *1–2 (S.D. Ind. Aug. 5, 2020) (change to mandatory sentence under so-called "stacking" provision of 28 U.S.C. § 924(c)(1)(C) was not an extraordinary and compelling reason warranting a sentence reduction because Congress expressly declined to make the change retroactive).

Regardless, even if the change to § 841(b)(1)(A) could, in some case, be an extraordinary and compelling reason for a sentence reduction, it is not an extraordinary and compelling reason

---

0072-WS, 2019 WL 3805349, at *2–4 (S.D. Ala. Aug. 13, 2019). The Court need not resolve that debate, though, because Mr. Fuqua's motion is due to be denied even if the Court assumes that the policy statement is not binding and that it has the discretion to determine what constitutes an "extraordinary and compelling reason" for a sentence reduction.

here. By Mr. Fuqua's own calculations, he has served only about 6 years of his sentence. *See* dkt. 404 at 12. This is well short of the 15-year sentence that he claims he would receive if he were sentenced today, so the change in law does not support reducing his sentence to time served—the only relief Mr. Fuqua explicitly seeks. To the extent Mr. Fuqua's motion can be read to ask the Court to reduce his sentence to 15 years rather than time served, any argument that the sentencing disparity created by the change to § 841(b)(1)(A) is an extraordinary and compelling reason warranting a sentence reduction is premature until he has served a greater percentage of his sentence. *See United States v. Scott*, No. 3:04-cr-00014-RLY-CMM-03, dkt. 56 (S.D. Ind. July 31, 2020) (non-retroactive change to mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) is not an extraordinary and compelling reason for sentence reduction where defendant would have been sentenced to 25 years under current law but had only served 16 years; noting that the argument was premature and could be raised again when defendant had served a greater percentage of his sentence).

Moreover, the Court sentenced Mr. Fuqua to 240 months of imprisonment after he entered into a plea agreement. Although the Court adopted the parties' recommendation that Mr. Fuqua be sentenced to the mandatory minimum—240 months—it was not bound to do so. Under the terms of Mr. Fuqua's plea agreement, the Court was free to use its discretion to fashion a sentence within the statutory range (at the time, 20 years to life) after applying the sentencing factors in 18 U.S.C. § 3553(a). *See* dkt. 124 at 1–2. Thus, it is not a foregone conclusion that Mr. Fuqua would be sentenced to the new statutory minimum (15 years) if he were sentenced today.

Second, Mr. Fuqua's incarceration at FCI Elkton is not an extraordinary and compelling reason warranting a sentence reduction. The Court sympathizes with Mr. Fuqua's fear of contracting COVID-19. The Court also acknowledges that FCI Elkton has experienced a

significant outbreak of COVID-19.  As of September 8, 2020, the BOP reports that 971 inmates at FCI Elkton have recovered from COVID-19 and that 9 inmates at FCI Elkton have died of COVID-19; the BOP also reports 6 active inmate cases of COVID-19 at FCI Elkton. *See* https://www.bop.gov/coronavirus/ (last visited Sept. 8, 2020). In addition, the BOP's handling of the COVID-19 outbreak at FCI Elkton is currently the subject of a class action lawsuit in the Northern District of Ohio. *See Wilson v. Williams*, No. 4:20-cv-00794-JG (N.D. Ohio).

But this Court has repeatedly found that mere incarceration in a "hotspot" for COVID-19 infections—including FCI Elkton—is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Dyson*, No. 1:14-cr-00067-SEB-DML-06, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases). Instead, the Court has denied motions for compassionate release from defendants who are not at serious risk from experiencing severe COVID-19 symptoms, even when they are incarcerated in a hotspot. *Id.* Mr. Fuqua's detailed and well-written motion for compassionate release makes no mention of any conditions that would put him at increased risk for suffering severe COVID-19 symptoms, *see generally* dkt. 404, and the record includes no information suggesting that he has any such conditions, *see* dkt. 596 at 14 (January 2016 Presentence Investigation Report) (stating that Mr. Fuqua reported that his health was good and that he was not currently being treated by a physician or prescribed any medication).

Finally, although the Court finds Mr. Fuqua's rehabilitation efforts commendable, he may not rely on his rehabilitation record—at least not standing alone—as an extraordinary and compelling circumstance justifying a sentence reduction. 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

Because Mr. Fuqua has not shown an extraordinary and compelling reason warranting a sentence reduction, the Court need not address whether he is a danger to the community or another person or whether the sentencing factors in § 3553(a) favor release.

### III. Conclusion

Mr. Fuqua's Motion for Compassionate Release and/or Sentence Reduction, dkt. [404], is **denied.**

**IT IS SO ORDERED.**

Date: 9/10/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Darrell Fuqua
Reg. No. 12667-028
FCI Elkton
Federal Correctional Institution
P.O. Box 10
Lisbon, OH 44432

All Electronically Registered Counsel